NO._____

BRADLEY J. BARTON,                                    §
    Relator,

v.                                                    § IN THE COURT OF CRIMINAL APPEALS
                                                        OF THE STATE OF TEXAS

HON. STACEY BOND,
JUDGE of the 176th District Court of Harris County,
    Respondent.                                       §

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 01 2015

76,811-06

MOTION FOR LEAVE TO FILE ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now,Bradley J. Barton,Relator,and pursuant to Rule 72.1. of theRules of Appellate Procedure,files this motion for leave to file an application for Writ of Mandamus directing Hon. Stacey Bond,the Judge of the 176th District Court of Harris County,Respondent,to,pursuant to this Court's "abstention doctrine,"Ex parte Moreno,245 S.W.3d 419,428 (Tex.Crim.App. 2008),suspend proceedings of Relator's application for writ of habeas corpus until his federal Petition for Writ of Habeas Corpus currently being considered in the United States District Court for the Southern District of Texas is disposed of. In support of this Motion for Leave,Relator will show the following:

I.

On March 19,2012,the relator filed an application for writ of habeas corpus,pursuant to Art. 11.07 of the Code of Criminal Procedure,under cause number 1206429-B in the 176th District Court of Harris County. On May 2,2012,the State received service of the habeas application. On May 17,2012,the State filed a motion requesting designation of issues to be resolved. On June 4,2012,the 176th District Court ordered the designation of issues to be resolved. After the Order Designating Issues (ODI) was entered,Relator moved for an evidentiary hearing and appointment of counsel,as well as the recusal of the original habeas judge. All motions went unruled upon. Relator ultimately sought mandmus relief against the original judge on his motion to recuse,which eventually led to an order of this Court.See WR-76,811-03. The application,however,remained stagnant,despite Relator's many attempts to get the habeas proceedings underway.

II.

Because of the circumstances described above,Relator filed for identical habeas relief in the United States District Court for the Southern District of Texas-Houston Division. That court has taken jurisdiction,and on March 12,2015,ordered the Attorney General's Office to respond. On April 15, 2015,ostensibly after the federal court's order,and after three years of no other filings by the State in relation to the habeas application,the State moved for the habeas court to order affidavits from lawyers who represented certain individuals who are apart of the habeas applications allegations. This was/is apparently in an attempt to help resolve a factual issue designated for resolution—"whether the applicant is actually

-1-

innocent"—by ascertaining if these lawyers were "ever made aware" of or "ever received information" concerning allegations made in the application. The respondent,three days later, entered the State's proposed orders concerning those affidavits,and thus is proceeding to consider the application.

Relator has filed a motion in Respondent's court clearly bringing to her attention the fact that he has his federal habeas petition,which is identical to the one pending in her court, pending and under consideration in federal court. Relator has also clearly brought to her attention this Court's "abstention rule." Relator has moved Respondent to suspend consideration of his habeas application until the federal court disposes of his federal petition. Respondent,however,has chosen not to suspend consideration of the application,and has proceeded to consider the habeas case.

### III.

Respondent's failure to act as requested by Relator is a failure to perform a ministerial function,under the facts of this case,because this Court,"[s]ince 1972 [] has dismissed state habeas corpus applications when the applicant also has a writ pending in the federal courts that relates to the same conviction or same matter."Ex parte Soffar,143 S.W.3d 804,805 (Tex. Crim.App.2004)(citations omitted). The Court has made explicitly and unequivocally clear that it will "not,and a trial court in this State should not,consider a [applicant's] application [for writ of habeas corpus] so long as the federal courts retain jurisdiction of the same matter."Ex parte Green,548 S.W.2d 914,916 (Tex.Crim.App.1977). As detailed above,Relator has a federal Petition for Writ of Habeas Corpus pending in federal court that is materially indistinguishable from the instant application for writ of habeas corpus. Petitioner, thus,indisputably has a writ pending in the federal courts that relates to the same conviction or same matter that the habeas application Respondent is proceeding on does. And therefore the habeas application falls under the "abstention doctrine."

### IV.

The relator has no adequate remedy at law to pursue the requested relief other than through mansamus relief from this Court.

### V.

This Court has jurisdiction to issue a grant of leave to file an application for writ of mandamus in this cause under Rule 72.2. of the Rules of Appellate Procedure and Article 5,sec. 5 of the Texas Constitution.

WHEREFORE,Relator prays the Court grant him leave to file an application for Writ of Mandamus directing Respondent to abide by this Court's abstention doctrine by suspending the habeas proceedings in Cause Number 1206429-B,due to Relator's federal habeas petition pending under Case No.4:15-CV-00587 in the U.S. District Court for the Southern District of Texas.

Respectfully Submitted,

BRADLEY J. BARTON,Relator
12071 FM 3522
Abilene,TX 79601

-2-

## INMATE'S DECLARATION

I,Bradley Jared Barton,being presently incarcerated in TDCJ-Robertson Unit,declare under
penalty of perjury that the foregoing facts are true and correct.

| | |
|---|---|
| _05/27/15_ | _Bradley Barton_ |
| Date | Signature of Relator |

## Certificate of Service

Service has been accomplished by mailing a true and correct copy of the foregoing instrument to Respondent at the following address:

> Hon. Stacey Bond
> 176th District Court,19th Floor
> 1201 Franklin
> Houston,Tx 77002

This the ___27th___ day of May,2015.

_Bradley Barton_
RELATOR